IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 257 WCM

| | |
|---|---|
| PEGGY J. EVANS, | ) |
| Plaintiff, | ) MEMORANDUM |
| | ) and |
| | ) ORDER |
| v. | ) |
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

This matter is before the Court on a Motion for Judgment on the Pleadings Under Rule 12(c) ("Motion") filed by Metropolitan Property and Casualty Insurance Company ("Defendant"). Docs. 3 & 4. Peggy Evans ("Plaintiff") has responded and Defendant has replied. Docs. 12 & 13.[1]

I. Background

A. Procedural History

On August 5, 2019, Plaintiff filed a Verified Complaint ("Complaint") in the Superior Court of Jackson County, North Carolina asserting three claims: (1) breach of an insurance contract; (2) unfair and deceptive trade

---

[1] The parties have stipulated to the jurisdiction of a United States Magistrate Judge. Doc. 10.

practices/unfair claim settlement practices; and (3) punitive damages/bad faith. Doc. 1-1.

Defendant removed the action to this court pursuant to 28 U.S.C. § 1332 on September 4, 2019.[2]

On September 5, 2019, Defendant filed a Verified Answer and Affirmative Defenses ("Answer"), as well as the instant Motion. Docs. 2, 3, 4, & 5.[3]

On October 8, 2019, the parties filed a Joint Stipulation of Dismissal of Plaintiff's Second and Third Causes of Action, leaving only Plaintiff's breach of contract claim. Doc. 14.

### B. Plaintiff's Complaint and Defendant's Answer

In her Complaint, Plaintiff alleges that she is the sole owner of a home and personal property located at 451 Rugged Mountain Road, Jackson County, North Carolina ("Property"). The Property was insured under a policy that was issued by Defendant and that provided dwelling and personal property coverage ("Policy"). Doc. 1-1, ¶¶ 7, 8 & 13.

---

[2] Plaintiff is a citizen of North Carolina. Doc. 1-1, ¶ 1. Defendant is incorporated in Rhode Island with its principal place of business in Rhode Island. Doc. 1, ¶ 6. Defendant alleges that the amount in controversy necessary for the exercise of diversity subject matter jurisdiction is met "based upon [Plaintiff's] allegations and [Plaintiff's] Proof of Loss dated 11/28/18 claiming $423,027 in insurance proceeds…." Doc. 1, ¶ 9.

[3] The Court deferred entry of a case management plan pending resolution of the Motion. Doc. 11.

Plaintiff contends that on August 24, 2018, a fire originated in her home, resulting in a total loss of the Property. Doc. 1-1, ¶¶ 11 & 12.

Plaintiff alleges that despite "fully cooperat[ing] with [Defendant] in the claims process and compl[ying] with all material obligations of the Policy," Defendant "wrongfully and unreasonably denied liability for the claimed losses." Doc. 1-1, ¶¶ 16 & 18. Plaintiff further alleges that she "never made any material misrepresentation to [Defendant] and was in no way responsible for the fire, nor did she have any knowledge that the fire would occur." Doc. 1-1, ¶ 20.

The Declarations page of the Policy lists David L. Beaudoin and Plaintiff as the named insureds. Doc. 2-1, p. 2.[4] Plaintiff contends that notwithstanding any alleged wrongdoing by Mr. Beaudoin, "[Defendant] is still obligated to provide coverage under the Policy for the dwelling loss and for Ms. Evan's personal property loss." Doc. 1-1, ¶ 24.

In its Answer as well as in the Motion, Defendant asserts that Plaintiff's breach of contract claim should be dismissed because the Policy was voided pursuant to the "Concealment or Fraud" condition, which states that "no coverage is provided under the policy if, whether before or after a loss, an insured has intentionally concealed or misrepresented any material fact or

---

[4] A copy of the Policy is attached as an exhibit to Defendant's Answer. As discussed below, the Court may consider the Policy for purposes of the Motion.

3

Case 1:19-cv-00257-WCM Document 15 Filed 04/15/20 Page 3 of 13

circumstance, engaged in fraudulent conduct, or made false statements relating to this insurance." Doc. 2, pp. 2-3; Doc. 3, ¶ 14. Specifically, Defendant argues that coverage has been voided under this condition as a result of: (1) Mr. Beaudoin's inconsistent statements regarding his whereabouts around the time of the August 24, 2018 fire; (2) misrepresentations by Plaintiff and Mr. Beaudoin in their insurance application before the loss;[5] and (3) misrepresentations by Plaintiff in contents inventories submitted after the loss.[6] Doc. 4, p. 6.

## II.   Legal Standard

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." A motion brought under Rule 12(c) is analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013).

However, "[u]nlike when deciding a Rule 12(b)(6) motion to dismiss, the Court, when deciding a motion for judgment on the pleadings, may consider

---

[5] Defendant asserts that Plaintiff and Mr. Beaudoin misrepresented that Mr. Beaudoin was an "owner" of the Property, failed to disclose a May 28, 2010 payment stemming from a prior loss that resulted from a February 21, 2009 fire, and misrepresented that there had been no cancellations of insurance coverage in the past 3 years. See Doc. 2, pp. 7-8.

[6] Defendant argues that these contents inventories materially overlapped with contents inventories submitted after the prior fire loss on February 21, 2009. See Doc. 2, pp. 6-7; Doc. 4, pp. 4-6.

4

the Answer." Garey v. James S. Farrin, P.C., 1:16CV542, 2018 WL 6003546, at * 2 (M.D.N.C. Nov. 15, 2018) (citing Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011)). In particular, "[t]he factual allegations contained in the Answer 'are taken as true only where and to the extent they have not been denied or do not conflict with the complaint.'" Id. (quoting Jadoff v. Gleason, 140 F.R.D. 330, 331 (M.D.N.C. 1991)); see also Anderson v. U.S. Life Ins. Co., No. 3:13-cv-489-MOC, 2014 WL 4987207, at * 3 (W.D.N.C. Oct. 7, 2014) ("In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice.") (citing Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004)). "Because the plaintiff is not required to reply to the Answer, 'all allegations in the [A]nswer are deemed denied'" and "[t]he defendant cannot therefore 'rely on allegations of fact contained only in the [A]nswer, including affirmative defenses, which contradict Plaintiffs' complaint.'" Garey, 2018 WL 6003546, at * 2; (quoting Jadoff, 140 F.R.D. at 332) (alteration in Garey).

III. Discussion

A. Materials Submitted

In support of the Motion, Defendant relies on the following exhibits that were attached to its Answer:

| | | |
|---|---|---|
| Ex. 1: | Insurance Policy Certified Copy with HO Form HE 00 03 05 11 (Doc. 2-1) |
| Ex. 2: | Sheriff's Office Investigation Report re Fire on 8/24/18 (Doc. 2-2) |
| Ex. 3: | Interview of Peggy Evans & David Beaudoin by Rex Martin on 8/26/18 (Doc. 2-3) |
| Ex. 4: | Interview of Peggy Evans by SIU Investigator Mike Nilles on 9/5/18 (Doc. 2-4) |
| Ex. 5: | Interview of David Beaudoin by SIU Investigator Mike Nilles on 9/5/18 (Doc. 2-5) |
| Ex. 6: | First EUO Request LTs to Peggy Evans & David Beaudoin on 10/14/18 (Doc. 2-6) |
| Ex. 7: | Second EUO Request LTs to Peggy Evans & David Beaudoin 10/23/18 (Doc. 2-7) |
| Ex. 8: | Third EUO Request LTs to Peggy Evans & David Beaudoin on 11/7/18 (Doc. 2-8) |
| Ex. 9: | Examination Under Oath Transcript of Peggy Evans from 11/28/18 (Doc. 2-9) |
| Ex. 10: | Examination Under Oath Transcript of David Beaudoin from 11/28/18 (Doc. 2-10) |
| Ex. 11: | Proofs of Loss dated 11/28/18 received from Peggy Evans on 12/3/18 (Doc. 2-11) |
| Ex. 12: | Joint HO Insurance Application to Metropolitan dated 9/26/14 (Doc. 2-12) |
| Ex. 13: | Prior HO Insurance Cancellation by Unitrin/Kemper eff. 9/14/14 (Doc. 2-13) |
| Ex. 14: | $45,000 Paid to Peggy Evans by Gallagher Bassett 5/28/10 for 2009 Fire (Doc. 2-14) |
| Ex. 15: | Contents Inventory for 2018 Fire Mailed by Peggy Evans on 2/15/19 (Doc. 2-15) |

6

Ex. 16: Overlapping Contents Inventories Submitted for Fires in 2018 & 2009 (Doc. 2-16)
Ex. 17: Contents Claimed in 8/24/18 Fire Overlapping with Prior 2009 Fire (Doc. 2-17)
Ex. 18: Contents Claimed in 2/21/09 Fire Overlapping with Later 2018 Fire (Doc. 2-18)
Ex. 19: Coverage Denial Letter to Peggy Evans dated 3/19/19 (Doc. 2-19)
Ex. 20: Coverage Denial Letter to David Beaudoin dated 3/19/19 (Doc. 2-20)
Ex. 21: Verification of Answer/Affirmative Defenses by Metropolitan (Doc.2-21)

See Doc. 5 (Exhibit Index Supporting Rule 12(c) Motion) & Docs. 2-1 through 2-21.

### B. Materials That May Be Considered

"In a Rule 12(c) motion, the court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings 'so long as they are integral to the complaint and authentic.'" Lafayette Life Ins. Co. v. Cole, 3:17-cv-561, 2018 WL 4705561, at * 2 (W.D.N.C. Oct. 1, 2018)) (internal citation omitted); Lefkoe v. Jos. A. Bank Clothiers, Civil No. WMN-06-1892, 2008 WL 7275126, at * 5 (D. Md. May 13, 2008) (finding that "only those documents incorporated by reference into the complaint may be considered in ruling on a motion for judgment on the pleadings" and refusing to consider non-public documents on which plaintiff did not rely in pleading his *prima facie* case).

7

Here, the first of Defendant's exhibits is a certified copy of the Policy. Doc. 2-1. The remainder of the substantive exhibits relate to Defendant's affirmative defense that coverage under the Policy has been voided pursuant to the Concealment or Fraud condition. See Doc. 5 & Docs. 2-2 through 2-20.

1. **The Policy**

The Policy is central to Plaintiff's Complaint and its authenticity has not been challenged. Accordingly, the Court may rely on the Policy when considering the Motion. Brown v. Economy Premier Assurance Company, No. 1:17-cv-206-MOC-DLH, 2018 WL 1594669, at * 2 (W.D.N.C. April 2, 2018) ("Where an insurance policy is 'integral to and explicitly relied upon in the complaint,' the policy itself should be considered along with the factual allegations of the complaint and answer.") (quoting Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F.Supp.2d 590, 596 (M.D.N.C. 2004)).

2. **The Additional Exhibits**

In her opposition to the Motion, Plaintiff objects to several of the other exhibits.[7]

In addition, Plaintiff disputes Defendant's contention that the representations described in some of these documents were false, material, or knowingly and willfully made. See Doc. 12, p. 9 (arguing that a jury could

---

[7] Plaintiff specifically objects to Exhibits 2 through 5, 12 through 14, and 16. See Doc. 12, pp. 3 – 5.

conclude that Mr. Beaudoin's inconsistent statements were not material and that a "jury could also believe plaintiff's explanation about confusion concerning what property was damaged by fire and how she was supposed to complete the property loss form.").

Consequently, the additional exhibits may not be considered unless the Motion is converted into a motion for summary judgment. Considering that this case is in an early procedural stage and that no conversion request has been made by the parties, the undersigned does not find that such a conversion would be appropriate. See Lefkoe, 2008 WL 7275126, at * 5 & n. 9 (refusing to consider exhibits "central to one of Defendants' defenses" when considering 12(c) motion and noting "[n]either party has asked the Court [to] convert the motion for judgment on the pleadings into a motion for summary judgment and, given that fact discovery has just begun and is expected to last more than a year, conversion is not appropriate at this time."); Choplin, 2017 WL 3822044, at * 4 & n. 1 (where defendant's 12(c) motion was based on documents not described, acknowledged, or even mentioned in plaintiff's complaint, court denied the motion and noted "no party has advocated [for conversion into a motion for partial summary judgment], and Plaintiff specifically requests the opportunity to make a full presentation on the record after an opportunity for discovery.").

## C. Analysis Based on Materials that May be Considered

As noted, Defendant argues primarily that coverage under the Policy has been voided pursuant to the Concealment or Fraud condition as a result of the conduct of Plaintiff and Mr. Beaudoin.[8] This argument, however, appears to raise factual issues and to be based in substantial part on the exhibits submitted with Defendant's Answer, many of which are contested and cannot be considered in the context of this Motion.

Further, Defendant's arguments, when considered only with reference to those documents that may properly be reviewed at this stage, do not present a purely legal issue that could be appropriate for resolution in the context of a motion for judgment on the pleadings. Cf. Carter v. Fidelity Life Association, 339 F.Supp.3d 551 (E.D.N.C. 2018) (granting insurer's motion for judgment on the pleadings based on blood alcohol exclusion in life insurance policy where parties agreed that decedent's blood alcohol exceeded the legal limit when he crashed his ATV but disputed whether an ATV was a "motor vehicle" under the policy); Unitrin Auto and Home Ins. Co. v. Siarris, No. 3:14-cv-50, 2015 WL 457630 (W.D.N.C. Feb. 2, 2015) (granting insurer's motion for judgment on the

---

[8] Defendant also argues that Plaintiff has improperly requested incidental and consequential damages but Defendant does not elaborate on its assertion that "the nature of the insurance contract suggest[s] that the parties [did not] contemplate[] any compensation for 'incidental' or 'consequential' damages." Doc. 4, p. 21. In view of the conclusions reached regarding Defendant's primary argument, the Court does not address Plaintiff's possible entitlement to consequential or incidental damages.

10

pleadings where "parties [did] not dispute the pertinent facts" and question presented was whether insured's arbitration demand for UM benefits tolled the statute of limitations); Lafayette Life, 2018 WL 4705561, at * 2 (granting judgment on the pleadings in declaratory judgment action based on language of policy where "material facts are undisputed, and the only currently disputed issues are questions of law.").[9]

In sum, the undersigned expresses no opinion as to how Plaintiff's claim and Defendant's arguments may fare at a later stage of this litigation. However, the undersigned is not persuaded that an analysis of the application of the Policy's Concealment or Fraud Condition as a matter of law is appropriate at this juncture and on the current record. See Brown v. Economy Premier Assurance Co., No. 1:17-cv-206-MOC-DLH, 2018 WL 1594669, at * 4 (W.D.N.C. April 2, 2018) ("If this matter makes it to trial, a jury may not be long delayed in making a conclusion adverse to plaintiff. However, the Court is without sufficient information and materials to impose a judgment on these

---

[9] Other cases relied upon by Defendant are distinguishable because those matters involved specific legal issues or did not require the resolution of as many factual disputes as the instant Motion appears to present. See e.g., Doc. 13, pp. 22-24; Caitlin Specialty Ins. Co. v. Tegol, Inc., No. 3:14-cv-607-GCM-DCK, 2017 WL 252290, at * 9-10 (W.D.N.C. Jan. 19, 2017) (granting 12(c) motion based on statute of limitations); Hughes v. State Farm Mut. Auto. Ins. Co., No. 3:13-cv-438-RJC-DSC, 2014 WL 200276 (W.D.N.C. Jan 16, 2014) ("Since Plaintiff's policy carried only the minimum liability limits, he was statutorily ineligible for UIM coverage."); Fireman's Ins. Co. of Washington, D.C. v. Glen-Tree Investments, LLC, 7:11-cv-59-D, 2012 WL 4191383 (E.D.N.C. Sept. 19, 2012) (granting 12(c) motion on issue of meaning of policy language).

pleadings as the Court cannot draw inferences against the nonmoving party to conclude as a matter of law that plaintiff willfully made false representations that were material to the ongoing investigation."); Smith v. State Farm Fire and Cas. Co., 109 N.C. App. 276, 277; 426 S.E.2d 457 (1993) (granting summary judgment based on Concealment or Fraud condition in insurance policy where insured "herself informed defendant's agent…that she had made a material misrepresentation to them….").

**IT IS THEREFORE ORDERED THAT**:

1. The Motion for Judgment on the Pleadings Under Rule 12(c) (Doc. 3) filed by Metropolitan Property and Casualty Insurance Company is **DENIED**.

2. Plaintiff's "Second Cause of Action: Unfair and Deceptive Trade Practices/Unfair Claim Settlement Practices" (Doc. 1-1, ¶¶ 39-43) and Plaintiff's "Third Cause of Action: Punitive Damages/Bad Faith" (Doc. 1-1, ¶¶ 44-46) are **DISMISSED WITH PREJUDICE** pursuant to the Joint Stipulation of Dismissal. Doc. 14.

3. The parties are **DIRECTED** to file, by April 28, 2020, an Amended Certification and Report of FRCP 26(f) Conference and Discovery Plan.

Signed: April 14, 2020

W. Carleton Metcalf
United States Magistrate Judge